# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MOSER HOLDINGS, LLC.** § § § *Plaintiff*, § § v. § § **PETER DAWES** § § *Defendant*. § § § | Civil Action No. 1:24-cv-01328-GBW |

## JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties hereby submit a proposed Stipulated Protective Order, attached hereto as Exhibit A.

### Notice of Conferral

Counsel for Plaintiff has conferred with counsel for Defendant who has agreed to file the proposed Stipulated Protective Order jointly.

Dated: April 10, 2025            Dated: April 10, 2025

ROSS ARONSTAM & MORITZ LLP          COOCH AND TAYLOR, P.A.

*/s/ Garrett B. Moritz*                */s/ C. Scott Reese*
Garrett B. Moritz (Bar No. 5646)         C. Scott Reese (#2036)
Elizabeth Taylor (Bar No 6468)           The Brandywine Building
Hercules Building                1000 N. West Street, Suite 1500
1313 North Market Street, Suite 1001       Wilmington, DE 19801
Wilmington, Delaware 19801             302-984-3811
(302) 576-1600                   sreese@coochtaylor.com
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff Moser Holdings, LLC*    *Attorney for Defendant Peter W. Dawes*

*Of Counsel*:
Brent Owen
Kelsey Schmidt
Kaylen Strench
HAYNES BOONE
675 15th St., Suite 2200
Denver, Colorado 80202

*Of Counsel:*
Stephenson D. Emery, W.S.B. #5-2321
WILLIAMS, PORTER, DAY &
NEVILLE, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
Phone: (307) 265-0700
Fax:    (307) 266-2306

# EXHIBIT A

# PROPOSED STIPULATED PROTECTIVE ODER

Upon stipulation of the Parties for an order pursuant to Federal Rule of Civil Procedure 26(c) that confidential information be disclosed only in designated ways, the Court, for good cause, orders as follows:

1. As used in this Stipulated Protective Order ("Protective Order"), these terms have the following meanings:

    a. "Attorneys" means counsel of record;

    b. "Confidential" documents and information as designated pursuant to Paragraph 2;

    c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001(a)-(c);

    d. "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

    e. "Disclosing Party" shall refer to any party to this action and any non-party disclosing or producing documents or information in connection with this action.

    f. "Receiving Party" shall refer to any party to this action and any non-party that receives documents or information.

    g. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. "<u>Confidential</u>" documents or information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, chart, summary, note, or copy made therefrom and designated by one of the Parties or a third-party disclosing documents in connection with the above-captioned action, as containing

confidential business, financial, trade secret, or personal information that is not available to the public. A person or entity may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). In the event a party to this litigation or non-party produces Confidential, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on each page of any document produced; or on the first page or cover of any document produced, accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, except for depositions as governed by Paragraph 7, by giving written notice to opposing counsel designating such portions as "Confidential" no later than fourteen calendar days after receipt of the transcribed testimony. During the fourteen (14)-day period, counsel for the parties shall treat the entire transcript as if it had been designated as "Confidential." Testimony that has been designated "Confidential" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

3. All "Confidential" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    a. the Court and its staff;

    b. Attorneys, their law firms, and their Outside Vendors;

    c. persons shown on the face of a document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. all parties to this case;

      f. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to Paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the

transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" until the 14-day period following receipt of the transcript has lapsed. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any Disclosing Party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. The Receiving Party shall thereafter treat the disclosed material as Confidential Information in accordance with this Protective Order and, further, take reasonable steps to advise persons to whom disclosure was made of the designation.

9. The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

   a. In the event any material is produced that the Producing Party later reasonably and in good faith claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Producing Party shall inform the Receiving Party in writing of the asserted privilege and the factual basis therefor. The Receiving Party shall, within five (5) business days of receipt of such notice, return the original to the Producing Party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any word processing or database tape or disk it maintains. The Receiving Party also agrees to delete or destroy any additional copies of such documents of which it might become aware in the future. The Receiving Party shall also make reasonable, good faith efforts to retrieve the information from all individuals or entities in receipt of the information from the Receiving Party. The Receiving Party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

   b. If during the Receiving Party's review of documents from the Producing Party, the Receiving Party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Receiving Party shall, within two (2) business days, call the

6

    attention of the Producing Party to the document(s). If the Producing Party claims a privilege over the documents, it must give the notice required by subparagraph (a) within three (3) business days thereafter, from receipt of which subparagraph (a) will govern the Receiving Party's obligations.

    c. Inadvertent production of privileged, work product protected, or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced material or as to any other material or communications.

    d. Return of documents or information for which the Producing Party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection, or immunity is invalid; provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

    e. If a document or information is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with subparagraphs (a) and/or (b) above, the Receiving Party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing.

10. If a party files a document designated "Confidential" with the Court, it shall do so in compliance with Fed. R. Civ. P. 5.2. In the event information designated "Confidential" is used in any filing or proceeding in this action, including but not limited at trial, it shall not lose its "Confidential" status as between the parties through such use. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" the parties may seek further protections against public disclosure from the Court.

11. Counsel for a party that receives Confidential Information through disclosure or discovery are responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential is disclosed.

12. To the extent there is a need to file documents with the Court that are marked "Confidential," the Parties, where reasonable and appropriate, will make efforts to redact all

Confidential Information in the document to be filed with the Court. In the event a party believes it is necessary that the Court see, review, or consider a document that is marked "Confidential" in its entirety or without certain protected information redacted, the party shall file a motion with the Court seeking a narrow order restricting public access to the document. Restricting public access to documents is appropriate in only limited circumstances, such as to protect certain personal information, including Social Security numbers, residential addresses, criminal histories, and medical information; to protect bona fide trade secrets; and confidential business information. The moving party bears the burden of establishing good cause for restricting access to any filed document. Additionally, any request to restrict access must comply with the requirements of Fed. R. Civ. P. 5.2.

13. Any party may oppose the designation of (or failure to designate) protected material at any time before trial in this litigation. The party opposed to the designation (or lack of designation) shall notify the designating party or producing party by giving written notice to the designating or producing party within fourteen (14) days after receipt of the subject material(s). If the requested change in designation is not agreed to, the party seeking the change may seek appropriate relief through the Court's discovery dispute procedures, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected (if applicable). Until the matter is resolved by the Court or the parties, all documents and materials for which a designation (or lack of designation) challenge is raised shall be treated as Confidential as prescribed in this Protective Order. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

14. Within 60 days of the termination of this action, including any appeals, each Receiving Party shall either destroy or return to the Disclosing Party all documents designated as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Receiving Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Protective Order, including a failure to designate trade secret information with the appropriate confidentiality designation, shall be construed as a waiver of, or position as to, any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by the Protective Order shall survive the termination of this action.

**STIPULATED TO** this 10th day of April, 2025:

| | |
|---|---|
| Dated: April 10, 2025 | Dated: April 10, 2025 |
| ROSS ARONSTAM & MORITZ LLP | COOCH AND TAYLOR, P.A. |
| */s/ Garrett B. Moritz*  <br>Garrett B. Moritz (Bar No. 5646)<br>Elizabeth Taylor (Bar No 6468)<br>Hercules Building<br>1313 North Market Street, Suite 1001<br>Wilmington, Delaware 19801<br>(302) 576-1600<br>gmoritz@ramllp.com | */s/ C. Scott Reese*  <br>C. Scott Reese (#2036)<br>The Brandywine Building<br>1000 N. West. Street, Suite 1500<br>Wilmington, DE 19801<br>302-984-3811<br>sreese@coochtaylor.com |

etaylor@ramllp.com

*Attorneys for Plaintiff Moser Holdings, LLC*       *Attorney for Defendant Peter W. Dawes*

*Of Counsel*:
Brent Owen
Kelsey Schmidt
Kaylen Strench
HAYNES BOONE
675 15th St., Suite 2200
Denver, Colorado 80202

*Of Counsel:*
WILLIAMS, PORTER, DAY &
NEVILLE, P.C.
Stephenson D. Emery, W.S.B. #5-2321
Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
Phone: (307) 265-0700
Fax:     (307) 266-2306


SO ORDERED this _____ day of _____, 2025:

_____

Judge Gregory B. Williams

## EXHIBIT B

## WRITTEN ASSURANCE

_____declares that:

I reside at_____in the City of

_____, County of_____, State of_____. My

telephone number is_____.

I am currently employed by_____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Stipulated Protective Order dated

_____, filed in Case No. 1:24-cv-01328-UNA, pending in the United States District Court for the District of Delaware ("Protective Order"). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession

designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

      I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____      _____
                 (Date)                                                   (Signature)